IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DARTIYA TOWNER**                                                                                        **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO.:** 3:22-cv-711-DPJ-FKB

**MISSISSIPPI REGIONAL HOUSING AUTHORITY V**              **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Dartiya Towner, by and through counsel, Watson & Norris, PLLC, brings this action against Mississippi Regional Housing Authority V, to recover damages for violations of her rights under the Family Medical Leave Act of 1993, as amended. As more specifically set forth below, Plaintiff has been subjected to FMLA interference and retaliation in the terms and conditions of her employment with the Defendant. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Dartiya Towner, is an adult female resident of Newton County, Mississippi. Plaintiff is an eligible employee as currently defined by the FMLA.

2. Defendant, Mississippi Regional Housing Authority V, may be served with process by serving Sonda Davis, Executive Director, Mississippi Regional Housing Authority V, 298 Northside Drive, Newton, Mississippi 39345. Defendant is a covered employer as currently defined by the FMLA.

**JURISDICTION AND VENUE**

3. This action arises under the Family and Medical Leave Act of 1993, as amended.

4. This Court has federal question jurisdiction for actions that arise under the FMLA.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## STATEMENT OF FACTS

6. Plaintiff is a 36-year-old female resident of Newton County, Mississippi.

7. Plaintiff was hired on December 9, 2020, as a Housing Choice Voucher (HCV) Specialist at Mississippi Regional Housing Authority V (MRHAV).

8. Defendant employs in excess of 50 employees within a 75-mile radius of the location where Plaintiff worked.

9. Plaintiff worked over 1,250 hours during the year prior to her termination.

10. From December 11, 2021, to January 24, 2022, Plaintiff was on leave.

11. On June 6, 2022, Plaintiff emailed her Supervisor, Renee McLemore.

12. In that email, Plaintiff wrote, "I am writing to request a minimum 6-weeks medical leave of absence beginning Monday June 6, 2022, and do not have a return date. Will not know until the surgery itself. I will be emailing my paperwork and doctor documents as soon as they are available to me…"

13. Plaintiff's surgery was scheduled for June 9, 2022.

14. On June 6, 2022, Human Resources Representative Doretha Patrick and Ms. McLemore contacted Plaintiff by phone.

15. During that call, Ms. McLemore alleged that Plaintiff had verbally submitted a two weeks' notice on June 2, 2022.

16. Plaintiff contends this is false.

17. Plaintiff neither verbally expressed nor in any other way indicated to Ms.

McLemore nor to anyone else that she was submitting her two weeks' notice or had any intention to resign whatsoever.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE FMLA - INTERFERENCE

18. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 17.

19. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

20. As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

21. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA.  As a result of this conduct, liquidated damages should be assessed against Defendant.

22. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

### COUNT II:  VIOLATION OF THE FMLA - RETALIATION

23. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 22.

24. It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

25. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

26. The willful conduct of Defendant is evidenced by a consciously indifferent

attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff. As a result of this conduct, liquidated damages should be assessed against Defendant.

27. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits and other pecuniary losses;
4. Liquidated damages;
5. A tax gross-up and all make whole relief;
6. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA; and
7. Such further relief as is deemed just and proper.

THIS the 8th day of December 2022.

Respectfully submitted,

DARTIYA TOWNER, PLAINTIFF

By: /s Louis H. Watson, Jr.
    LOUIS H. WATSON, JR.  (MB# 9053)
    NICK NORRIS (MB# 101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Jackson, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com